UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **AARON B. SCRUGGS,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0180AS |
| | ) | |
| **EDWIN BUSS,** | ) | |
| | ) | |
| **Respondent** | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about March 29, 2005, *pro se* petitioner, Aaron B. Scruggs, an inmate at the Westville Correctional Facility in Westville, Indiana (WCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on August 29, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).  The petitioner filed a Traverse on September 20, 2005, which this court has carefully examined. The court has also reviewed the corrections to the traverse filed by Mr. Scruggs. The respondent's exhibits are listed as Exhibit A through J.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition he was incarcerated in the WCF in this district.  He was the subject of a prisoner disciplinary proceeding, the sanction of which involved a 90-day credit time deprivation and a emotion from credit class I to credit class II which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). The sanction also included a three-month disciplinary segregation which does not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995).  The designation of the administrative proceeding is WCC 04-12-0267.  The charge was committing battery upon another person with a weapon.

On December 14, 2004, Officer Lanier wrote a conduct report charging Mr. Scruggs with battery after the videotape showed Mr. Scruggs entering a room and assaulting another offender with a cane. The videotape also showed the injured offender bleeding and running to the dayroom from the cell. While searching the cell the officer found a shank and the cane Mr. Scruggs apparently used to hit the offender. The offender who was injured refused to disclose the identity of his assailants. Mr. Scruggs was notified of the charge on December 16, 2004. He requested three witnesses and the videotape. The hearing was held on December 29, 2004.

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Mr. Scruggs be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.*, and the decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The so-called "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

2

This is a lenient standard, requiring no more than "a modicum of evidence." *Webb*, 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id. citing Hill*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455–56).

Mr. Scruggs raised two claims in his petition. First, that he was denied due process and equal protection when the Adult Disciplinary Procedures ("ADP") were violated and because there was insufficient evidence to find him guilty. Second, he alleges that the CAB was racially biased.

Mr. Scruggs' first claim is without merit to the extend that he challenges the ADP. Relief in this action is only available from violations of the federal constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions under Indiana Department of Corrections policy do not state a claim for habeas relief and must be denied. *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). Mr. Scruggs' claims that policies in the ADP were violated fail to state a claim.

To the extent he is raising a sufficiency of the evidence claim, that is also without merit. There was sufficient evidence to find him guilty. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996). Here, the CAB relied on Mr. Scruggs' statement that he assaulted Offender Robbins, the

videotape of the incident, and reports in the record. There was sufficient evidence to find Mr. Scruggs guilty of battery.

Mr. Scruggs' second claim is without merit. Mr. Scruggs alleges that the members of the CAB found him guilty, but didn't find other inmates of different races guilty. Mr. Scruggs fails to establish an equal protection claim because he does not allege that he was intentionally discriminated against because of his membership in a protected class. *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). The fact that Mr. Scruggs was found guilty and other offenders was not fails to state a constitutional violation. Each case is heard by the CAB and reviewed on appeal on its own merits. Mr. Scruggs has no right to the same outcome as another inmate in a CAB hearing.

Additionally, Mr. Scruggs has not shown that the CAB was biased. The basic authority is *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). In *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir.1983), the court held that if an official is substantially involved in the investigation of the charges against an inmate, the due process requirement of impartiality mandates the disqualification of that official. "Tangential involvement" in the investigation, however, does not disqualify an officer from sitting on the adjustment committee. *Merritt v. De Los Santos*, 721 F.2d at 601.

In this case, there is no indication that the CAB was involved in the investigation of this case. "Adjudicators enjoy a presumption of honesty and integrity." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Mr. Scruggs lists several errors made by the CAB in an attempt to establish bias. For example, he alleges that the CAB didn't allow his witnesses to make statements, but the record shows that the CAB had witness statements from each of the witnesses that Mr. Scruggs requested. He alleges that the CAB should have viewed the videotape. Respondent's exhibit F is a Review of

Video Evidence form which establishes that the entire CAB reviewed the videotape. Mr. Scruggs alleges that all of the evidence he was denied would have established that his version of the story was true, that he was only trying to stop one inmate from stabbing another. The CAB was aware of Mr. Scruggs' defense and chose to find him guilty based on the evidence in the record. None of the claims raised by Mr. Scruggs explain how the CAB's involvement prejudiced this case. Accordingly, Mr. Scruggs has not demonstrated that he was denied procedural due process.

For these reasons, the petition for relief under 28 U.S.C. §2254 is **DENIED**.

**IT IS SO ORDERED**.

**DATED:** October 13, 2005

                                                  **S/ ALLEN SHARP**
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**